COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


PATRICIA A. SMITH

OPINION BY
v.   Record No. 0887-99-4          JUDGE LARRY G. ELDER
APRIL 18, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

Mark J. Yeager for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Patricia A. Smith (appellant) appeals from her bench trial

conviction for driving while intoxicated in violation of Code

§ 18.2-266, her third such offense within five years.  On

appeal, she contends the trial court erred in admitting evidence

of her blood alcohol concentration because her arrest was

invalid and, therefore, did not support the taking of the sample

under Virginia's implied consent law.  We hold that appellant's

arrest was valid because it occurred at the scene of the

accident within the meaning of Code § 19.2-81, and we affirm her

conviction.

I.

FACTS

On appeal of a criminal conviction, we view the facts in the light most favorable to the Commonwealth. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). So viewed, the Statement of Facts filed in this case indicates that on April 8, 1998, appellant drove her car from the eastbound lane of Manchester Boulevard in Fairfax County onto the curb, striking a street sign at the intersection of Manchester Boulevard and Manchester Lakes Drive. Appellant backed up but hit the sign again. She eventually returned to the roadway, turned right onto Manchester Lakes Drive, and brought her car to a stop in front of a townhouse located in a cul-de-sac about 100 yards away. Uncontradicted evidence established that the location where appellant brought her vehicle to a stop was visible from the intersection where the downed sign was located.

Off-duty Sheriff's Deputy Wrenn observed appellant's vehicle leave the roadway. He spoke briefly to appellant before she pulled away from the sign, asking her if she was hurt. She did not respond. At the same time, a tow truck passed Wrenn and offered assistance. Wrenn told the driver to follow appellant's car. The tow truck driver followed appellant to the spot where she parked, pulled in behind appellant and took her keys. Wrenn

followed appellant and the tow truck on foot, catching up with them about a minute later.

Deputy Wrenn did not identify himself to appellant as a law enforcement officer and did not exercise his authority as an officer because Officer Lucas, responding to a citizen complaint that a vehicle had felled the sign, arrived on the scene quickly thereafter. Lucas said appellant bore no visible injuries but appeared "out of it"--her eyes were glazed, she had a slight odor of alcohol about her person, she "took time to process things," her speech was "slow and methodical," and her movements were "slow and uneasy." She admitted having consumed alcohol "earlier." Lucas arrested appellant for driving while intoxicated and misdemeanor "Hit and Run." Subsequent blood alcohol concentration testing showed a level of .26%.

The Commonwealth disposed of the hit and run charge by nolle prosequi. At trial on the charge of driving while intoxicated, appellant objected to admission of the blood alcohol test results into evidence on the ground that Officer Lucas lacked authority to make the warrantless arrest because the misdemeanor offense did not occur in Lucas' presence and because Lucas did not arrest her at the scene of the accident. The trial court denied the motion, ruling that appellant's striking the sign, fleeing the scene and parking her vehicle at the scene of the arrest were "all part of the same transaction."

Appellant made the same argument in her motions to strike and in a subsequent motion to set aside her conviction.

II.

ANALYSIS

Pursuant to Code § 19.2-81, a police officer "may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence."  Ordinarily, an officer may effect a warrantless arrest for a misdemeanor only if the offense was committed in his presence.  See Durant v. City of Suffolk, 4 Va. App. 445, 447-48, 358 S.E.2d 732, 733-34 (1987).  The statute provides certain exceptions, including one for automobile accidents involving misdemeanors:

> [An] officer may, at the scene of any accident involving a motor vehicle, . . . or at any hospital or medical facility to which any person involved in such accident has been transported, . . . on any of the highways . . . of the Commonwealth, upon reasonable grounds to believe, based upon personal investigation, including information obtained from eyewitnesses, that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest.

Code § 19.2-81 (emphasis added).

Code § 18.2-268.2, Virginia's "implied consent" law, provides as follows:

> Any person . . . who operates a motor vehicle upon a highway . . . in this

> Commonwealth shall be deemed thereby, as a
> condition of such operation, to have
> consented to have samples of his blood,
> breath, or both blood and breath taken for a
> chemical test to determine the alcohol,
> drug, or both alcohol and drug content of
> his blood, if he is arrested for violation
> of § 18.2-266 or § 18.2-266.1 or of a
> similar ordinance within two hours of the
> alleged offense.

Code § 18.2-268.2(A). If the blood or breathalyzer test reveals a blood alcohol concentration of .08% or more, the Commonwealth is entitled to a rebuttable presumption that the person was intoxicated. See Code § 18.2-269; Castillo v. Commonwealth, 21 Va. App. 482, 486, 465 S.E.2d 146, 148 (1995). However, for an arrestee to be deemed to have given implied consent under Code § 18.2-268.2, the arrest must have been lawful. See Durant, 4 Va. App. at 448-49, 358 S.E.2d at 734. If the arrest is not lawful, consent for blood alcohol testing is not implied, and the results of any such test are not admissible for the purpose of providing a rebuttable presumption of intoxication. See Castillo, 21 Va. App. at 487-93, 465 S.E.2d at 148-52; Durant, 4 Va. App. at 448-49, 358 S.E.2d at 734. Therefore, because the misdemeanor offenses for which appellant was arrested were not committed in the presence of the arresting officer,[1] the

---

[1] "'An offense is committed within the presence of an officer, within the meaning of [Code § 19.2-81], when he has direct personal knowledge, through his sight, hearing, or other senses that it is then and there being committed.'" Durant, 4 Va. App. at 447, 358 S.E.2d at 733 (quoting Galliher v. Commonwealth, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933)). Here, although the offense was committed in the presence of

warrantless arrest was lawful and the certificate admissible only if the arrest occurred "at the scene of [the] accident." Code § 19.2-81.

Appellant contends that her arrest did not occur at the scene of the accident within the meaning of Code § 19.2-81.[2] The word "scene" is not defined in the statute, and we have not previously had occasion to consider the scope of an officer's authority to make a warrantless arrest "at the scene of any accident." Cf. Duck v. Commonwealth, 8 Va. App. 567, 573, 383 S.E.2d 746, 749 (1989) (noting that record was insufficient for court to determine whether trooper's action in stopping accused,

_____

Deputy Wrenn, Wrenn did not make the arrest. Lucas did not observe appellant's commission of the offense, and the observations of Wrenn could not be imputed to Lucas for purposes of permitting Lucas to make an arrest for an offense committed in his presence under Code § 19.2-81. See Penn v. Commonwealth, 13 Va. App. 399, 402-06, 412 S.E.2d 189, 190-93 (1991), aff'd per curiam, 244 Va. 218, 420 S.E.2d 713 (1992).

[2] Appellant contends that the phrase, "the scene of any accident," in Code § 19.2-81 should be construed as co-extensive with the phrase, "the scene of the accident," in Code § 46.2-894, Virginia's "hit-and-run" statute. Because appellant's hit-and-run charge was disposed of by nolle prosequi and never considered by the court, we see no reason to analyze the meaning of the challenged phrase in the hit-and-run statute. We note, however, that the hit-and-run statute contains language significantly different from the statute under which appellant was convicted. Code § 46.2-894 requires a driver involved in an accident to "stop as close to the scene of the accident as possible without obstructing traffic," and the purpose of the statute is to "facilitate accident investigation and to preserve public order." Johnson v. Commonwealth, 14 Va. App. 769, 771, 418 S.E.2d 729, 731 (1992). Code § 19.2-81, by contrast, permits an officer to make a warrantless arrest of a motor vehicle driver, under certain conditions, "at the scene of any accident."

whom she saw leave accident and travel as passenger in an uninvolved vehicle to a location less than half a mile away, "and 'escorting' him back to the scene of the accident constituted an arrest away from the scene of the accident, exceeding her authority under Code § 19.2-81 to make a warrantless arrest").

We are guided by principles of statutory construction. Although penal statutes should be strictly construed, this principle does not "entitle[] [an accused] to a favorable result based upon an unreasonably restrictive interpretation of the statute." Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). "[A] statute should be read to give reasonable effect to the words used 'and to promote the ability of the enactment to remedy the mischief at which it is directed.'" Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984)). A statute should, if possible, be construed to "'effect rather than defeat a legislative purpose evident from the history of the legislation.'" Scott v. Scott, 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993) (quoting Ambrogi v. Koontz, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982)).

Here, it is evident that the legislature intended for the provisions of Code § 19.2-81, inter alia, to facilitate the timely arrest of persons in motor vehicle accidents involving

alcohol or other intoxicants so that they may be tested under the implied consent law to determine their blood alcohol content.  Code § 19.2-81 currently provides that an officer may, under certain circumstances, effect a warrantless arrest of a person "at the scene of any [motor vehicle] accident . . . or at any hospital or medical facility to which any person involved in such accident has been transported" if the officer has "reasonable grounds to believe" the person has committed a crime.

Prior to 1985, the statute permitted arrest "at the scene of any accident" only.  See 1985 Va. Acts ch. 507 (codified at § 19.2-81 (1983 Repl. Vol. & Supp. 1985)).  Under that version of the statute, the Virginia Supreme Court held that the hospital to which a driver injured in an accident was taken was not an extension of the accident scene.  See Thomas v. Town of Marion, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983).  As a result, it held that the officer's warrantless arrest of the driver at the hospital was invalid and that the implied consent law did not validate the blood alcohol analysis conducted after arrest.  See id.  In 1985, the legislature expanded the scope of Code § 19.2-81 to validate a post-accident arrest made at a hospital or medical facility, see 1985 Va. Acts ch. 507, implicitly acknowledging the need for prompt testing for intoxicants in certain accident cases.

A Delaware Superior Court has held, under a similar statute, that determining whether a warrantless arrest occurred "at the scene of a motor vehicle accident" is "a fact-based question whose answer will vary from case to case." State v. Rizzo, 634 A.2d 392, 400 (Del. Super. Ct. 1993) (interpreting Del. Code Ann. tit. 21, § 701). That court held that Delaware's statute permits a warrantless arrest if it occurs "before the suspect has, by any reasonable temporal and/or lineal criteria, left the scene of a motor vehicle accident." Id. (citations omitted) (emphasis added). Although we do not adopt the precise formulation used in Rizzo, we find the Delaware standard instructive.

A similar principle already well-established in Virginia law is the doctrine of res gestae as interpreted to aid in application of the felony-murder statute. See Haskell v. Commonwealth, 218 Va. 1033, 1043-44, 243 S.E.2d 477, 483 (1978).

> Res gestae, a principle generally associated with an exception to the hearsay evidence rule, pertains not only to what is said but to what is done as well. The res gestae of the underlying crime begins where an indictable attempt to commit the felony is reached and ends where the chain of events between the attempted crime or completed felony is broken.

Berkeley v. Commonwealth, 19 Va. App. 279, 286, 451 S.E.2d 41, 45 (1994) (citation omitted).

Applying res gestae to felony-murder, the Virginia Supreme Court has held that "the felony-murder statute applies where the

killing is so closely related to the felony in time, place, and causal connection as to make it a part of the same criminal enterprise." Haskell, 218 Va. at 1043-44, 243 S.E.2d at 483. Haskell involved an unsuccessful robbery attempt. The robbers beat the victim and held him down but found no money on his person. See id. at 1036, 243 S.E.2d at 479. The robbers attempted to leave the scene, but the victim tried to prevent their escape and was shot and killed by one of the robbers other than Haskell. See id. at 1037, 243 S.E.2d at 479. The Court rejected Haskell's argument that the killing did not occur in the commission of a felony. It held the evidence established that "the killing occurred within five feet of the spot where [the victim] was beaten and searched, and within moments after the victim had regained his feet." Id. at 1043, 243 S.E.2d at 483. Because the killing was so closely related to the robbery in "time, place, and causal connection" and "the two crimes were inextricably interwoven," the Court upheld Haskell's conviction for felony-murder. See id.

We hold that the time and place elements of the res gestae doctrine are applicable by analogy to a court's determination whether a warrantless arrest occurs "at the scene of any accident" pursuant to Code § 19.2-81. "The continuation of events 'covered by the term res gestae depends upon the circumstances of each particular case.'" Berkeley, 19 Va. App. at 286, 451 S.E.2d at 45 (quoting Cluverius v. Commonwealth, 81

Va. 787, 805 (1886) (citation omitted)). Whether an arrest occurred at the scene of an accident, like the question whether a murder occurred in the commission of a felony, depends upon whether the relevant factors are linked by time and place, Haskell, 218 Va. at 1043-44, 243 S.E.2d at 483, or "by any reasonable temporal and/or lineal criteria," Rizzo, 634 A.2d at 400.

In light of the above, we hold that appellant was arrested at the scene of the accident within the meaning of Code § 19.2-81. The evidence established that the arresting officer arrived at the intersection at which the accident occurred within minutes of its occurrence. From that intersection, he could see the tow truck and the house where appellant's vehicle was parked. He then proceeded directly to that location, which was about 100 yards away, arriving twenty to thirty seconds later. Officer Lucas arrived on the scene so quickly that Deputy Sheriff Wrenn, the off-duty officer who observed the accident, found it unnecessary to exercise his authority. Under a res gestae analysis of time and place, we hold that Officer Lucas' arrest of appellant--at this location and so close in time to the accident--met the lineal and temporal requirements necessary to constitute an arrest at the scene of the accident.

For these reasons, we affirm appellant's conviction.

Affirmed.