580 S.E.2d 450

Lolita EDWARDS

v.

COMMONWEALTH of Virginia.

Record No. 2846–01–1.

Court of Appeals of Virginia,
Chesapeake.

May 13, 2003.

Joseph R. Winston, Special Appellate Counsel (Public Defender Commission, on briefs), for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W. Kilgore, Attorney General, on brief), for appellee.

Present: FRANK, KELSEY, JJ., and WILLIS, Senior Judge.

ROBERT P. FRANK, Judge.

Lolita Edwards (appellant) was indicted for attempted capital murder of a law enforcement officer, in violation of Code §§ 18.2–25 and 18.2–31, eluding the police, in violation of Code § 46.2–817(B), and leaving the scene of an accident involving personal injury, in violation of Code § 46.2–894. In a bench trial, she was convicted of assault on a law enforcement officer, in violation of Code § 18.2–57, and the eluding and leaving the scene offenses. On appeal, she contends she was improperly convicted of assault on a law enforcement officer because that offense is not a lesser-included offense of attempted capital murder of a law enforcement officer. She also argues the evidence was insufficient to prove she left the scene of an accident. For the reasons stated, we reverse and dismiss the assault conviction and affirm the leaving the scene conviction.

## BACKGROUND

Around 8:00 p.m. on May 4, 2001, Portsmouth Police Officer S.D. White saw a burgundy Pontiac, with "music ... playing extremely loud," traveling without its headlights illuminated.

Officer White activated his lights and siren, but the Pontiac did not stop.

Officer White continued to follow the vehicle, with his "wigwag headlights" activated and his siren going, for approximately one mile. The Pontiac was swerving from one lane to another. A passing car was forced off the road by the Pontiac. Eventually, the vehicle crossed the Churchland Bridge, "stopped suddenly," and "jumped the curb." The officer swerved slightly to avoid hitting the car and stopped his police unit "slightly beside [appellant's] vehicle."

Officer White, in uniform with his badge displayed, exited his vehicle. He walked up to the car, where appellant was seated in the driver's seat. Officer White reached through the driver's side window, telling appellant, "Turn off the car, turn off the car." The car was still running.

The officer described what happened next:

I reached in, there was some yelling or something from inside the car and the car drove off. When the car drove off, it pinned my arm back behind the headrest and drug me towards the front of my car at that point.

I was able to work myself free and I remember getting hit in the back with either a car or a mirror and the next thing I remember I was being loaded into an ambulance.

Officer Peter Sykes had arrived just before appellant stopped her car. He observed Officer White reach into appellant's vehicle, grab her arm, and attempt to extract her from the Pontiac. According to Officer Sykes, the vehicle then "began to proceed eastbound ... leaving the curb, partially dragging Officer White towards his police vehicle. Officer White eventually let go of the driver's arm." Officer Sykes testified the Pontiac was "creeping off the curb" when appellant drove off with Officer White's arm in her car, traveling about five or six feet until Officer White "let go." The Pontiac then struck White's vehicle and another police car.

Officer Sykes followed the car approximately a hundred feet, where it jumped the curb, traveled across a lawn, and

stopped. The officer placed appellant under arrest. Officer White was treated for his injuries.

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence on the attempted capital murder count. After argument, the trial court sustained the motion. The Commonwealth then inquired if the court was "striking that down to possibly a lesser included offense?" The Commonwealth suggested assault on a law enforcement officer as a lesser-included offense. Appellant argued the latter offense was not a lesser-included offense. The following exchange occurred:

> MR. MEDA [appellant's counsel]: Your Honor, I think under the Blockburger analysis for lesser included offenses, I don't think that meets the requirement. The attempted capital murder statute does not include the element of the defendant having reason to know the person was a law enforcement officer. Assault and battery on a police officer requires that—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> The elements of the statute of attempted capital murder do not include that as a requirement. The statute for assault and battery on a law enforcement officer requires the Commonwealth to prove as an element that the defendant had reason to know that the person assaulted is a law enforcement officer.

The Commonwealth's attorney responded to appellant's argument, contending an attempted capital murder indictment does require the Commonwealth prove that a defendant should have known the victim was a law enforcement officer. The entire focus of the argument to the trial court was whether the Commonwealth must prove the offender had reason to know the person was a law enforcement officer in order to prove attempted capital murder. The trial court ruled on this argument when it found assault on a law enforcement officer was a lesser-included offense of attempted capital murder.

## ANALYSIS

### A. Lesser–Included Offense

On appeal, appellant contends assault and battery of a law enforcement officer [1] is not a lesser-included offense of attempted capital murder because a battery is not an element of attempted capital murder. Appellant also argues the definitions of "law enforcement officer" contained in Code § 18.2–57 and Code § 18.2–31(6) differ, which precludes a finding that the assault on a law enforcement officer statute is a lesser-included offense of attempted capital murder of a law enforcement officer. The Commonwealth concedes this second argument is correct.

However, the Commonwealth contends these arguments are procedurally defaulted under Rule 5A:18.[2] While we agree these issues were not preserved, under the ruling in *Lowe v. Commonwealth*, 33 Va.App. 583, 589, 535 S.E.2d 689, 691–92 (2000), if appellant was convicted of a charge for which she was not indicted and which is not a lesser-included offense of an indicted charge, then the issue can be raised at any time. *See also Fontaine v. Commonwealth*, 25 Va.App. 156, 165, 487 S.E.2d 241, 244 (1997). In effect, these decisions find that the issues raised by appellant involving lesser-included offense convictions are jurisdictional. *See Nelson v. Warden of Keen Mountain Corr. Ctr.*, 262 Va. 276, 281–82, 552 S.E.2d 73, 75–76 (2001) (explaining the difference between jurisdiction and the power to exercise that jurisdiction).

---

**1.** Appellant was convicted of assault on a law enforcement officer, not assault *and battery* on a law enforcement officer.

**2.** Rule 5A:18 states:

No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

The Commonwealth argues that conviction of an offense which is not a lesser-included offense cannot create a jurisdictional issue and contends appellant's arguments are subject to the usual procedural requirements for consideration on appeal. The Commonwealth notes both *Lowe,* 33 Va.App. at 589, 535 S.E.2d at 692, and *Fontaine,* 25 Va.App. at 165, 487 S.E.2d at 245, allow waiver of this issue if a defendant acquiesces in the trial court's decision. However, the Commonwealth explains, jurisdictional issues cannot be waived, even with acquiescence. *Nelson,* 262 Va. at 281, 552 S.E.2d at 75 (noting jurisdictional issues cannot be waived).

The Commonwealth's argument is persuasive. However, we are bound under the principles of *stare decisis* to follow the explicit ruling in *Lowe. Collins v. Commonwealth,* 30 Va.App. 443, 449, 517 S.E.2d 277, 280 (1999). Therefore, Rule 5A:18 does not bar our review of this case.

The Commonwealth concedes assault on a law enforcement officer is not a lesser-included offense of attempted capital murder of a law enforcement officer. Thus, we reverse the trial court's finding and dismiss the assault conviction.

### B. Sufficiency

Appellant argues the evidence does not support the conviction for leaving the scene of an accident involving personal injury. She contends she did not deliberately drive away from the scene and, alternatively, she did not leave the scene.

 When considering sufficiency issues, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Martin v. Commonwealth,* 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." *Snyder v. Commonwealth,* 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it

appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin,* 4 Va.App. at 443, 358 S.E.2d at 418.

Code § 46.2–894 requires:

The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2–888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, *to the person struck and injured if such person appears to be capable of understanding and retaining the information,* or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

Appellant cites *Herchenbach v. Commonwealth,* 185 Va. 217, 38 S.E.2d 328 (1946), as supporting her interpretation that the statute requires the Commonwealth prove an accused *deliberately* drove away from the scene of an accident. She then argues the evidence does not support an inference that she deliberately continued driving after she injured the officer.

Appellant's reliance on *Herchenbach* is misplaced. *Herchenbach* held the Commonwealth must prove an accused knew an accident had occurred, which is not appellant's argument. *Id.* at 220, 38 S.E.2d at 329. *See also Cottee v. Commonwealth,* 31 Va.App. 546, 558, 525 S.E.2d 25, 31 (2000); *Johnson v. Commonwealth,* 14 Va.App. 769, 771–72, 418 S.E.2d 729, 731 (1992). *Herchenbach* did note, however, "The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action;—that is, to stop and give the aid and information specified." 185 Va. at 220, 38 S.E.2d at 329.

Code § 46.2–894 requires a driver "immediately stop" at an accident scene. This language plainly does not allow a person to continue driving until circumstances stop the vehicle. *See Rasmussen v. Commonwealth,* 31 Va.App. 233, 238, 522

S.E.2d 401, 403 (1999) (statutory language should be given its plain meaning). Even if, as appellant contends, she initially could not stop the vehicle because she was "yanked ... off those brakes" by Officer White, she could have applied the brakes to stop the car once the officer had released her. She did not do this, but instead continued to drive the car until it hit two police vehicles and almost hit a house. This evidence is sufficient to prove appellant did not immediately stop as required by the statute.

■ Appellant also contends she did not leave the scene, contending the movement of her car did not take her away from the scene. She relies upon *Smith v. Commonwealth*, 32 Va.App. 228, 527 S.E.2d 456 (2000), to support this analysis. Again, her reliance is misplaced.

*Smith* addressed the meaning of "scene of the accident" in the context of Code § 19.2–81, the statute allowing an arrest without a warrant. *Id.* at 231, 527 S.E.2d at 458. Appellant is correct that this Court held Smith was at "the scene of any accident" when she was arrested, even though she stopped her car 100 yards away from the road sign she had struck. *Id.* However, in a footnote, this Court foresaw appellant's argument here:

> Appellant contends that the phrase, "the scene of any accident," in Code § 19.2–81 should be construed as co-extensive with the phrase, "the scene of the accident," in Code § 46.2–894, Virginia's "hit-and-run" statute. Because appellant's hit-and-run charge was disposed of by *nolle prosequi* and never considered by the court, we see no reason to analyze the meaning of the challenged phrase in the hit-and-run statute. We note, however, that the hit-and-run statute contains language significantly different from the statute under which appellant was convicted. Code § 46.2–894 requires a driver involved in an accident to "stop as close to the scene of the accident as possible without obstructing traffic," and the purpose of the statute is to "facilitate accident investigation and to preserve public order." *Johnson v. Commonwealth*, 14 Va.App. 769, 771,

418 S.E.2d 729, 731 (1992). Code § 19.2–81, by contrast, permits an officer to make a warrantless arrest of a motor vehicle driver, under certain conditions, "at the scene of any accident."

*Id.* at 234 n. 2, 527 S.E.2d at 459–60 n. 2.

We agree with the analysis in the footnote of *Smith.* By requiring a driver to stop immediately and as close to the "scene" as possible, Code § 46.2–894 distinguishes and limits the area labeled "the scene" in a manner that Code § 19.2–81 does not. The hit-and-run statute clearly requires drivers to stop as close to the accident, or point of impact, as safety will permit. Any other interpretation of the statute would make the word "immediately" meaningless and foil the intent of the statute. *See Gray v. Graves Mountain Lodge, Inc.,* 26 Va. App. 350, 355–56, 494 S.E.2d 866, 869 (1998) (the courts should avoid interpretations that make words within a statute meaningless and ignore legislative intent).

The trial court found appellant "drove fifty to a hundred feet away" after injuring Officer White. The evidence supports that finding. After Officer White fell from her car, appellant hit two police cars and eventually stopped in the lawn of a private residence. Nothing in the record suggests that stopping in the lawn was an immediate stop or that the lawn was the first safe place to park the car.

## CONCLUSION

We find appellant was improperly convicted of assault on a law enforcement officer, and we reverse and dismiss that conviction. However, we find the evidence was sufficient to convict appellant of leaving the scene of an accident involving personal injury, and we affirm that conviction.

*Reversed and dismissed in part; affirmed in part.*