COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


TERESA LAVERNE JOHNSON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1005-04-1                      JUDGE ROBERT P. FRANK
                                                        MARCH 15, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF YORK COUNTY
                      N. Prentis Smiley, Jr., Judge

          Jeffrey W. Shaw (Dusewicz & Soberick, P.C., on brief), for
          appellant.

          Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


        Teresa Laverne Johnson, appellant, was convicted in a bench trial of driving as a habitual

offender, second or subsequent offense, in violation of Code § 46.2-357(B)(3), and driving while

under the influence of alcohol in violation of Code § 18.2-266.  On appeal, she contends that

because her arrest was unlawful, the charges should be dismissed.  For the reasons stated, we affirm

in part and reverse in part.

                                        BACKGROUND

        It is well settled that "[o]n appeal, we review the evidence in the light most favorable to

the party prevailing below, together with all reasonable inferences that may be drawn."  Benton

v. Commonwealth, 40 Va. App. 136, 139, 578 S.E.2d 74, 75 (2003).

        So viewed, the evidence establishes that Deputy J.R. Hazelwood of the York/Poquoson

Sheriff's Office saw appellant driving a Pontiac on Bypass Road in York County.  After

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

observing the left tires cross the white line twice, Hazelwood followed appellant's vehicle onto Richmond Road in Williamsburg. Appellant turned onto Ironbound Road, and the deputy initiated a traffic stop in front of James Blair Middle School.

While speaking with appellant, Deputy Hazelwood detected a strong odor of alcohol. Appellant's eyes were bloodshot and glassy, and she slurred her speech. Appellant stated that she had consumed two beers. Deputy Hazelwood administered field sobriety tests, and at the scene placed appellant under arrest for driving under the influence of alcohol. He transported her to the Virginia Peninsula Regional Jail where he administered a breath test, which registered a BAC of .16.

A DMV check revealed that appellant had been declared a habitual offender and had a previous conviction for driving after having been declared a habitual offender. Appellant was subsequently arrested for driving after having been declared a habitual offender.

At trial, the Commonwealth introduced into evidence, without objection, the results of the breath test. The Commonwealth also introduced a certified copy of the habitual offender determination, four prior convictions for driving after having been declared a habitual offender, a prior DUI conviction, and appellant's DMV transcript.

Deputy Hazelwood testified that he stopped appellant approximately one half mile from where he originally observed her. Appellant testified that Deputy Hazelwood was behind her "for quite some time" before he stopped her in front of James Blair Middle School. She did not dispute that she was driving as a habitual offender or that she was driving while intoxicated.

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence on the ground that the traffic stop and subsequent investigation occurred outside the deputy's jurisdiction. The court overruled appellant's motion. After presenting her evidence, appellant renewed the motion to strike on the same grounds. The court again overruled the motion, finding

that the offenses occurred in York County but that the deputy properly stopped appellant in the City of Williamsburg.  This appeal followed.

ANALYSIS

Appellant contends that the trial court erred in denying her motion to strike.[1]  She argues that the York County deputy exceeded the jurisdictional authority granted to him pursuant to Code § 19.2-249 when he arrested appellant in the City of Williamsburg.[2]  The Commonwealth responds that even if the arrest occurred outside York County and does not comply with the provisions of Code § 19.2-249, the evidence recovered as a result of the stop is not subject to suppression.[3]

Code § 19.2-249 states:

> An offense committed on the boundary of two counties, or on the boundary of two cities, or on the boundary of a county and city, or within 300 yards thereof, may be alleged to have been committed, and may be prosecuted and punished, in either county, in either city, or the county or city, and any sheriff, deputy sheriff, or other police officer shall have jurisdiction to make arrests and preserve the peace for a like distance on either side of the boundary line between such counties, such cities, or such county and city.

The Commonwealth concedes on brief that because the arrest for DUI did not comply with Code § 19.2-249, the result of the breath test was not admissible at trial to establish a rebuttable presumption of intoxication.  The Commonwealth suggests that if the DUI arrest did not comply with Code § 19.2-249, the arrest would be unlawful and the certificate of analysis would not be admissible to establish a rebuttable presumption of intoxication.  See Smith v.

---

[1] We do not address whether or not a motion to strike the Commonwealth's evidence is the appropriate vehicle for challenging jurisdictional authority of a law enforcement officer under Code § 19.2-249.

[2] Appellant does not dispute that the evidence is sufficient to convict.  She challenges only the deputy's authority to arrest her in a neighboring jurisdiction.

[3] The Commonwealth does not argue "close pursuit," and we therefore do not address it.

Commonwealth, 32 Va. App. 228, 233-34, 527 S.E.2d 456, 459 (2000). We agree. We find that the certificate of analysis was improperly admitted into evidence and reverse that conviction. We remand to the trial court for further proceedings if the Commonwealth be so advised.

Appellant next argues that since the arrest was in violation of Code § 19.2-249, the habitual offender charge should also be dismissed. The Commonwealth responds that a statutory violation of § 19.2-249 does not require the dismissal of the habitual offender charge.[4]

Appellant was arrested for only the DUI offense in Williamsburg. The uncontroverted evidence is that, prior to the arrest for DUI, the deputy saw appellant driving her vehicle in York County. Only after the arrest for DUI, and while appellant was jailed for that offense, did the officer, through appellant's DMV record, determine she was a habitual offender. While the record does not reflect where appellant was arrested on the habitual offender charge, it is clear that she was not arrested for that offense at the scene of the traffic stop in Williamsburg.

Appellant does not contest that she was driving in York County after having been declared a habitual offender. She was arrested for that offense subsequent to her being placed in the regional jail.

Appellant's argument is based on an incorrect factual premise. While arguing a violation of Code § 19.2-249, appellant incorrectly places the habitual offender offense arrest at the scene of the traffic stop, i.e., in Williamsburg. Code § 19.2-249 allows for the prosecution of offenses committed within three hundred yards of the boundary between contiguous jurisdictions. Without knowing the location of the arrest, we cannot determine if there is a violation of Code § 19.2-249. Because the record does not disclose the location where appellant was arrested for the habitual offender conviction, her argument that she was arrested in one jurisdiction and

---

[4] Although the Commonwealth relies on this argument on brief, for the reasons that follow, we do not address whether a statutory violation of § 19.2-249 results in a dismissal of the habitual offender conviction.

- 4 -

improperly prosecuted in another fails on the facts.  Having raised no other arguments at trial or on appeal, we affirm appellant's conviction for driving after having been declared a habitual offender.

<u>Affirmed, in part</u>
<u>and reversed, in part.</u>