UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton
Argued by videoconference


ALBERT BENJAMIN OWEN, III

v.      Record No. 0419-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION BY*
JUDGE CLIFFORD L. ATHEY, JR.
APRIL 26, 2022


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge

Joseph A. Sanzone (Sanzone & Baker, L.L.P., on brief), for
appellant.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General; Matthew P. Dullaghan, Senior Assistant Attorney
General, on brief), for appellee.


Albert Benjamin Owen, III ("Owen") appeals his felony conviction, following a bench trial,

of leaving the scene of an accident in violation of Code § 46.2-894.[1]  Owen asserts that the trial

court erred in finding that he failed to stop as close to the scene of the accident as possible.  For the

following reasons, we disagree and affirm the decision of the trial court.

I. BACKGROUND

On appeal, "we review the evidence in the light most favorable to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (*en banc*) (citation omitted).  That

principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Owen was also convicted, upon his guilty plea, of driving under the influence in
violation of Code § 18.2-266.  He does not challenge that conviction on appeal.

fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (*en banc*) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On January 28, 2020, Edwin Duffer ("Duffer") was driving behind a gray Silverado operated by Owen on Collins Mill Road in Halifax, Virginia. Duffer testified that Owen weaved left into the path of an oncoming Ford F-450. It appeared as if Owen and the Ford were going to collide head on, but the driver of the Ford veered onto the shoulder of his side of the road to avoid the Silverado. Owen, however, continued to swerve farther into the lane of the oncoming Ford and side-swiped the Ford's front driver's side, initially contacting the driver's side headlight before scraping along the driver's side of the Ford's cab. Eventually, Owen's Silverado came to rest lodged against an affixed toolbox which protruded on both sides of the Ford's truck bed immediately behind the cab. Owen unsuccessfully attempted to dislodge his Silverado from the toolbox by shifting into reverse and stepping on the gas. Owen then shifted his truck back into drive, struck the Ford again, and reversed before successfully dislodging his Silverado from the Ford.

Owen then drove about 300 feet, turned into his driveway, and parked under a yard light. Duffer, who could see Owen's driveway from the scene of the accident, testified that Owen sat in his vehicle for some time before he got out and checked the damage to his truck. Owen staggered a little bit as he looked at his truck and walked across the yard into his house.

Adam Hatcher ("Hatcher"), who was driving the Ford side-swiped by Owen, testified that after Owen dislodged the Silverado from his Ford, he moved the Ford completely off the road and called the police to report the accident. Owen never stopped to give Hatcher his insurance information or ask if Hatcher was injured as a result of the accident. Hatcher further testified that the damage to his truck cost $6,631 to repair and agreed that Owen went into his house after the accident and stayed there until the police arrived.

While driving to the scene of the accident, Virginia State Trooper David Lacks ("Trooper Lacks") was informed by dispatch that Owen had called and identified himself as the other party involved in the accident. Upon arrival, Trooper Lacks saw that Hatcher's Ford was damaged on the front and driver's side. He then interviewed Hatcher and Duffer who identified where the vehicles had collided. He also located Owen's Silverado which had damage to it that corresponded to the accident and was parked in Owen's driveway. Trooper Lacks then knocked on Owen's door. When Owen answered, Trooper Lacks could smell an odor of alcohol coming from Owen's person. Owen claimed that he had not had anything alcoholic to drink until after the accident.

Trooper Lacks then administered a field sobriety test and preliminary breath test before arresting Owen. At trial, Trooper Lacks testified that he was able to see Owen's driveway from the scene of the accident. He estimated the driveway was about 300 feet away from the accident, and he stated that there were safe places to pull over closer to the accident than where he found Owen's vehicle.

At the conclusion of the Commonwealth's case in chief, Owen moved to strike, arguing that the Commonwealth failed to prove that he left the scene of the accident. The trial court made several factual findings before denying Owen's motion to strike. The trial court found that Owen "didn't stop across the road of the scene of the accident or ten feet up or twenty feet up." The court found that "he drove his car directly away from that accident to a driveway some two or three hundred feet away and parked." Additionally, the trial court found there was "no indication that [Owen] had any interaction at all with the operator of the other vehicle." Owen "didn't make a call to state police until thirty minutes" after the accident.

Owen rested and renewed his motion to strike, which the trial court overruled. The trial court subsequently found Owen guilty of leaving the scene of an accident and sentenced Owen to five years, with five years suspended. This appeal followed.

## II. ANALYSIS

Owen challenges the sufficiency of the evidence to support his felony conviction of leaving the scene of an accident in violation of Code § 46.2-894. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Owen contends that he did not leave the scene of the accident. After the accident, he proceeded to his driveway, which was nearby and within sight of the scene of the accident. Owen claimed that he moved his vehicle so that he could contact police from his home. When police arrived, he provided full details concerning his involvement. Because Owen remained in sight of the accident scene, he argues that the phrase "the scene of the accident" in Code § 46.2-894 should be read as co-extensive with "the scene of the accident" in Code § 19.2-81.

Owen was convicted under Code § 46.2-894, which provides: "The driver of any vehicle involved in an accident in which . . . an attended vehicle . . . is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic."

In *Smith v. Commonwealth*, 32 Va. App. 228, 234 (2000), this Court defined the meaning of "at the scene of the accident" when making an arrest pursuant to Code § 19.2-81. This Court held that "[w]hether an arrest occurred at the scene of an accident . . . depends upon whether the relevant factors are linked by time and place." *Id.* at 237. Thus, an arrest "at the scene of the accident" pursuant to Code § 19.2-81 can occur far away from the accident if linked temporally and lineally.

In a footnote, this Court foresaw an inverse of Owen's argument:

> Appellant contends that the phrase, "the scene of any accident," in Code § 19.2-81 should be construed as co-extensive with the phrase, "the scene of the accident," in Code § 46.2-894, Virginia's "hit-and-run" statute. Because appellant's hit-and-run charge was disposed of by *nolle prosequi* and never considered by the court, we see no reason to analyze the meaning of the challenged phrase in the hit-and-run statute. We note, however, that the hit-and-run statute contains language significantly different from the statute under which appellant was convicted. Code § 46.2-894 requires a driver involved in an accident to "stop as close to the scene of the accident as possible without obstructing traffic," and the purpose of the statute is to "facilitate accident investigation and to preserve public order." *Johnson v. Commonwealth,* 14 Va. App. 769, 771 (1992). Code § 19.2-81, by contrast, permits an officer to make a warrantless arrest of a motor vehicle driver, under certain conditions, "at the scene of any accident."

*Id.* at 234 n.2.

In *Edwards v. Commonwealth*, 41 Va. App. 752, 770 (2003) (*en banc*), this Court addressed the meaning of "at the scene of the accident" in Code § 46.2-894. We noted that Code § 46.2-894 "distinguishes and limits the area labeled 'the scene' in a manner that Code § 19.2-81 does not." *Id.* In doing so, this Court referenced, and agreed with, the analysis in *Smith*'s footnote. *Id.* We stated that "[t]he hit-and-run statute clearly requires drivers to stop as close to

the accident, or point of impact, as safety will permit." *Id.* "Any other interpretation of the statute would make the word 'immediately' meaningless and foil the intent of the statute." *Id.* "This language plainly does not allow a person to continue driving until circumstances stop the vehicle." *Id.* at 768-69; *see also Rasmussen v. Commonwealth*, 31 Va. App. 233, 238 (1999). Ultimately, we held that Edwards was not at the scene of the accident when she drove fifty to a hundred feet away. *Id.* at 770.

Here, the trial court found that Owen drove 200-300 feet from the scene of the accident and parked his vehicle in his driveway. Owen did not check on the driver of the other vehicle nor exchange information with him. Additionally, Owen did not call 9-1-1 dispatch until thirty minutes after he arrived home. By that time, Trooper Lacks was already in route because Hatcher had pulled off the road and reported the accident. Nothing in the record suggests that stopping in his own driveway was an immediate stop or that his driveway was the first safe place to park the truck. The evidence in the record is sufficient to support the trial court's finding that Owen failed to immediately stop at the scene of the accident.

### III. CONCLUSION

For these reasons, we affirm the decision of the trial court.

*Affirmed.*