**Richmond**

TIMOTHY E. JOHNSON

v.

COMMONWEALTH OF VIRGINIA

No. 0009-91-2

Decided June 23, 1992

COUNSEL

Murray J. Janus (Deanna L. Dworakowski; Bremner, Baber & Janus, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Timothy E. Johnson was found guilty of failing to stop at the scene of an accident in violation of Code § 46.2-894. He was sentenced to ten years imprisonment, suspended on condition of good behavior. On appeal, he contends that the evidence was insufficient to convict him. We disagree and affirm the judgment of the trial court.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence to support it.

*Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (citation omitted).

Two weeks prior to the subject incident, Johnson and his wife separated. Mrs. Johnson left, taking their two young sons with her. On May 4, 1990, without notice to or prior arrangement with his wife, Johnson picked up his six year old son, Brad, from school. Learning of this Mrs. Johnson's mother, Mrs. Dickerson, notified Mrs. Johnson, who called the police. Mrs. Dickerson and Mrs. Johnson then went to Johnson's home, finding him there with Brad.

After arguing with his wife, Johnson took Brad and got into his car. Mrs. Dickerson asked him to wait for the police, and Mrs. Johnson asked him to let Brad out of the car. Johnson told Mrs. Dickerson, who was at the front of the car, to get out of the way or he would "run [her] over." He backed up several feet and then accelerated forward. Mrs. Jonson jumped out of the way, but Mrs. Dickerson was struck by the car and fell to the ground. Johnson drove off without stopping or offering assistance. Mrs. Dickerson suffered abrasions on her right arm and right knee and bumps on her head. She was taken by ambulance to Johnston-Willis Hospital for treatment.

Code § 46.2-894 provides impertinent part:

> The driver of any vehicle involved in an accident in which a person is . . . injured . . . shall immediately stop . . . and report his name, address . . . to the person struck . . . . The driver shall also render reasonable assistance to any person injured in such accident.

Johnson first contends that the Commonwealth failed to prove that he violated Code § 46.2-894. He argues that the purpose of the statute is twofold: to require drivers involved in accidents to identify themselves; and to require drivers to render necessary aid. He argues that, because the victim already knew who he was, he was not required to identify himself. Thus, he contends, the first objective of Code § 46.2-894 was inapplicable to his case. He further argues that, because of the antagonism between him and Mrs. Dickerson, any attempt on his part to have rendered her aid would have been rebuffed and would, probably, have exacerbated the situation. Thus, he argues, the second objective of the statute did not apply.

 Johnson places too narrow a construction on the statute. It addresses more than the relationship between a driver and the victim of an accident. The identification requirement is intended to facilitate accident investigation and to preserve public order. The assistance requirement advances public safety. It is not dependent upon the victim's desire to receive aid. Injury may allay contentiousness, and an injured antagonist may be glad to receive aid from any quarter. The record does not disclose the Mrs. Dickerson would have rejected aid from Johnson. The statute proclaims "the clear legislative intended . . . that every [driver] involved in a motor vehicle accident stop at the scene of the accident to exchange information and render reasonable assistance to any person injured . . . ." *Smith v. Commonwealth,* 8 Va. App 109, 115, 379 S.E.2d 374, 377 (1989). Johnson has not raised in this appeal any issue of justification or excuse.

Johnson finally argues tht the evidence did not establish that he knew that Mrs. Dickerson was injured. He contends that without such knowledge, he could not be found guilty. *See Herchenbach v. Commonwealth,* 185 Va. 217, 38 S.E.2d 328 (1946).

[I]n order to be guilty of violating the statute, "the driver must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he must deliberately go away without making himself know. If an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle."

*Id.* at 220, 38 S.E.2d at 329 (citations omitted).

View in the light most favorable to the Commonwealth, the evidence established that Johnson threatened to run over Mrs. Dickerson. He then reversed his car and, while she was in front, drove forward, hitting her and knocking her down. These circumstances support the trial court's determination that Johnson knew or should have known that his car had struck Mrs. Dickerson and that she may have been injured. That judgment was not plainly wrong or without evidence to support it.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Elder, J., concurred.

Benton, J., concurring.

I concur in the judgment affirming the conviction; however, I do not join in the paragraph of the opinion that adresses the construction of the statute. In that paragraph, the majority expresses views that I do not believe are supported by the law or the facts of this case.

Timothy E. Johnson seeks to have this Court conclude that because the incident involved a family conflict, a greater disturbance would have occurred if he had stopped to rendered assistance. He contends that the potential for greater conflict was justification for not stopping and rendering assistance. *See generally* W. LaFave & A. Scott, *Handbook on Criminal Law* §§ 49-50 (1972). However, the record clearly establishes that, at trial, Johnson defended against the prosecution on the basis that the was not aware that

his automobile struck Dickerson. He testified that he "certainly would have" stopped his automobile if he had known his automobile had hit Dickerson. After trial, in a motion to reconsider and set aside the verdict, Johnson's new counsel first raised the issue of the volatility of family disputes as a justification for not stopping.

It is not difficult to conceive of exigent and volatile circumstances in which a driver may well be justified in violating the statutory command to stop and render assistance. That justification, however, must be based upon compelling circumstances shown to exist at the time of the incident and not upon a generalized notion that family quarrels are per se more violent than other confrontations. Because Johnson testified that, had he known his automobile had hit Dickerson, he would have stopped, the evidence in the record does not support his contention that this family quarrel was a compelling reason not to stop. Johnson's own testimony refutes the argument now advanced on appeal. Moreover, no evidence proves that Johnson had a reasonable basis to fear that by stopping and rendering assistance he would have caused a greater confrontation. Thus, the facts in the record do not prove a sufficient justification for Johnson's failure to stop and render assistance.

I agree with the majority that upon the evidence in the record the trial judge did not err in concluding that Johnson knew or should have known that his automobile struck Dickerson. Accordingly, I would also affirm the conviction.