COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia

LARRY JOE ELLISON

MEMORANDUM OPINION[*] BY
v.   Record No. 1370-97-3      JUDGE RUDOLPH BUMGARDNER, III
                                       NOVEMBER 3, 1998
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Ray W. Grubbs, Judge

Stephanie G. Cox (Marshall J. Frank, P.C., on
brief), for appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Larry Joe Ellison appeals his conviction of failing to stop
at the scene of an accident involving personal injury in
violation of Code § 46.2-894.  He argues that the Commonwealth
failed to prove that he knew that an accident had occurred.
Finding that there was evidence to prove that element of the
offense, we affirm his conviction.

We construe the evidence in the light most favorable to the
Commonwealth with all reasonable inferences fairly deducible
therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352,
218 S.E.2d 534, 537 (1975).  Evidence which conflicts with the
Commonwealth's case must be discarded.  See Cirios v.
Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988).

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The trial court's ruling will not be disturbed on appeal unless plainly wrong or without evidence to support it.  See Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

The defendant and Jocylyn Ann Graham, the victim, had a stormy relationship which they were ending.  They agreed to meet at a used car lot to break it off.  The defendant arrived first, but when Graham approached the car lot, he decided "to pull a . . . fast one on her" by driving away.  Graham saw the defendant, got out of her vehicle, and tried to get him to stop by yelling and whistling.  He heard her but would not stop.  She walked and then began running toward Ellison's car.

Ellison's car reached the end of the lot and looked as if it would make a right hand turn onto the street.  It stopped, and it was "sitting still" as Graham came up beside the car.  She saw Ellison's eyes through the rear view mirror.  She was reaching for the door handle when he "hit the gas" and pulled into the road.  The back of the car hit her on her left side, and she "rolled over the car" into the street.  While lying in the road, Graham saw Ellison drive forty to fifty feet, stop with his brake lights on, and "then he just took off."  Graham suffered a broken collar bone and bruised hips.

The defendant conceded that he knew Graham was there and was pursuing him.  Ellison testified that he "wanted to get out of Dodge."  When he turned out of the lot, "I know I [ran] over a, a snow bank."  That was all he remembered.  He testified he did not

- 2 -

see the accident because he had a heater in the back of the car which obstructed his view. He did not remember stopping forty to fifty feet up the road.

The only other witness to the events was the manager of the used car lot. She saw two people arguing in the parking lot and saw Graham trying to stop the defendant's car. She stated that when the car reached the street, it "swung this hard right . . . the rear of [the] car appeared to swing back . . . this is when [Graham] rolled over the back of the trunk of the vehicle into the street." The manager testified that snow was "kind of packed up around the front of that sidewalk area."

The sole issue is whether the Commonwealth proved beyond a reasonable doubt that the defendant knew that he had been involved in a personal injury accident. Code § 46.2-894 imposes an affirmative duty on a driver involved in an accident to stop and provide assistance. Knowledge that the accident occurred is an essential element of the crime. See Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946). "[T]he Commonwealth must prove that the defendant possessed actual knowledge of the occurrence of the accident, and such knowledge of injury which would be attributed to a reasonable person under the circumstances of the case." Kil v. Commonwealth, 12 Va. App. 802, 811, 407 S.E.2d 674, 679 (1991).[1]

[1] But see Johnson v. Commonwealth, 14 Va. App. 769, 418 S.E.2d 729 (1992) (conviction sustained where Commonwealth proved defendant "knew or should have known" accident occurred and that personal injury was involved). The Commonwealth acknowledges the

See Herchenbach, 185 Va. at 220, 38 S.E.2d at 329.

"Absent proof of an admission against interest, knowledge necessarily must be shown by circumstantial evidence." Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983) (guilty knowledge of receiving stolen goods can be proven by circumstantial evidence). The essential evidence from which knowledge can be inferred is the victim's testimony that the defendant stopped just forty to fifty feet from where she lay.

The defendant accelerated rapidly knowing that she was approaching. The rear of the car hit her, she rolled over the trunk, and then he stopped just up from where she lay in the road. After a pause, he continued down the road. From that sequence, the trial court could reasonably infer that the defendant knew that there was an accident in which Graham might have been injured.

This case rests on the credibility of the witnesses. The victim's testimony is not "inherently incredible," and if it was believed, it is sufficient to support Ellison's conviction. See Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991). It is the exclusive province of the fact finder to assess the witnesses' credibility and to weigh their testimony. See Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736–37 (1985).

---

inconsistency, but does not rely on the lesser standard in arguing the sufficiency of the evidence in this case.

The defendant's testimony contradicts the Commonwealth's evidence, but the fact finder can accept or reject a defendant's statement in whole or in part. See Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973). The fact finder may reject his statement that he did not remember if he stopped, and it can find that he did stop because he knew something had happened. The fact finder may infer that defendant's self-serving testimony was intended to conceal his guilt. See Ward v. Commonwealth, 205 Va. 564, 570, 138 S.E.2d 293, 298 (1964); Price v. Commonwealth, 18 Va. App. 760, 768, 446 S.E.2d 642, 647 (1994). Thus, the fact finder could find that Ellison's testimony that he went over a snow bank as he entered the road was designed to account for knowing he had hit something. It could find his testimony that his rear view was obstructed was to conceal his knowledge that he saw something when he stopped.

While the Commonwealth's evidence must exclude all reasonable hypotheses of innocence, the hypotheses "which must be thus excluded are those which flow from the evidence itself, and not from the imaginations of defense counsel." Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983). "A court is not required to accept as true that which it knows from human experience is incredible." Terry v. Commonwealth, 174 Va. 507, 515, 6 S.E.2d 673, 676 (1939).

By finding the defendant guilty, the trial court accepted as true the evidence given by the victim and rejected that from the

defendant.  Accordingly, there was evidence to prove the element of knowledge, and the trial court properly denied the motion to strike.  We affirm the conviction.

<u>Affirmed.</u>