UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Decker, AtLee and Malveaux
Argued at Richmond, Virginia

SUSAN COLBERT MEDWID

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1382-15-2        JUDGE MARY BENNETT MALVEAUX
                                                DECEMBER 6, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Nathan C. Lee, Judge

Anthony N. Sylvester (Law Offices of Anthony N. Sylvester, on
brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Susan Colbert Medwid ("appellant") was convicted of felony hit and run, in violation of

Code § 46.2-894, attempted malicious wounding, in violation of Code §§ 18.2-26 and 18.2-51,[1]

breaking and entering, in violation of Code § 18.2-91, and petit larceny, in violation of Code

§ 18.2-96.[2]  On appeal, appellant argues that the evidence was insufficient to support her hit and run

conviction because (1) her actions were intentional; (2) her failure to render assistance was not

unreasonable; (3) her actions occurred on private property; and (4) she was not required to notify

law enforcement of the accident.  We hold that appellant's first three arguments are procedurally

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Court notes that the conviction and sentencing orders erroneously reflect that
appellant was convicted of malicious wounding.  Accordingly, this matter is remanded to the
trial court for the sole purpose of amending those orders to reflect that appellant was convicted of
attempted malicious wounding.

[2] This Court denied the portion of appellant's petition for appeal relating to her attempted
malicious wounding, breaking and entering, and petit larceny convictions.

defaulted. The remaining argument, assuming it was preserved, is without merit. Consequently, we affirm the judgment of the trial court.

## I. BACKGROUND

On December 27, 2013, Eugene Medwid went to check on a residence that he owned but did not occupy. He had been separated from his wife, appellant, for about six months at the time. As he pulled into the driveway, he saw an unfamiliar vehicle. He pulled up next to it and noted that appellant was the driver. They both rolled down their windows, and appellant told Medwid that she wanted to talk to him by the house. Medwid told her that they could talk in their vehicles. Appellant then stated, "Okay, then I'll show you. I'm going to kill you."

At that point, Medwid tried to drive behind appellant's car in order to leave the property. As Medwid attempted this route, appellant backed up her vehicle and then drove forward, hitting the driver's side of Medwid's car. After the impact, Medwid's car slid down a hill, and appellant's car came to rest against his driver's side door. Appellant then got out of her car and walked towards Medwid's vehicle. Medwid's vehicle was stuck in the mud and his driver's side door was blocked, so he could neither move his car nor exit his vehicle. At that point, Medwid lifted his pistol and pointed it straight up.

Appellant returned to her car and backed it away from Medwid's vehicle. Medwid, leaving his pistol behind because appellant was unarmed, got out of his car and began to run. Appellant pursued him with her car and ran into him, striking his legs. Medwid, though stumbling, managed to run toward a neighbor's house. As he was running, appellant continued to chase after him in her car. Her vehicle was stopped by tall hedges at the edge of the yard. Once Medwid reached the neighbor's house, he called 911. Appellant stopped her vehicle at the neighbor's house, leaned out of her car window and said, "I'm going to kill you," and then drove off. Shortly after the incident, appellant was stopped by an off-duty officer who heard a radio

signal to "be on the lookout" for a vehicle matching the description of appellant's car. Appellant told the officer that she had been involved in a "domestic" with her husband. The officer noticed that her vehicle had debris and mud on it. Appellant told him that she had struck a tree.

At trial, appellant testified on her own behalf. She asserted that Medwid struck her open car door with his car door, resulting in her car door hitting her in the legs. She stated that as she was trying to leave, Medwid positioned his vehicle in a way that caused her car to hit his vehicle. Medwid then got out of his car and pointed a gun straight at her, at which point she left, hitting him with her vehicle in the process. She testified that she did not stop after hitting Medwid because she wanted to get to a "public place" and that she was "very fearful" after the incident.

After a bench trial, the trial court found appellant guilty of felony hit and run, in violation of Code § 46.2-894.

## II. ANALYSIS

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Appellant asserts that the evidence in this case was insufficient based upon four grounds. Three of these grounds, as noted by the Commonwealth, were never presented to the trial court: that the evidence was not sufficient because appellant's actions were intentional, her failure to render assistance was not unreasonable, and her actions occurred on private property. Thus, these arguments are not considered by this Court on appeal.

Appellant also argues that the evidence was insufficient to support her hit and run conviction because she was not required to notify law enforcement about the incident.

Assuming, without deciding, that appellant adequately preserved her sufficiency argument on this basis, this argument is without merit.

"When reviewing a challenge to the sufficiency of the evidence to support a conviction, this Court views the evidence in the light most favorable to the Commonwealth as the prevailing party below, granting to it all reasonable inferences drawn from that evidence." Burnette v. Commonwealth, 60 Va. App. 462, 475, 729 S.E.2d 740, 745 (2012). When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). We ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319).

First, appellant argues that the trial court committed legal error in finding that Code § 46.2-894 required that appellant notify law enforcement after being involved in an accident.

At trial, appellant moved to strike the Commonwealth's evidence on the hit and run offense because the Commonwealth failed to prove that she did not exchange information with her husband. The trial court denied this motion, and appellant presented evidence. At the close of all evidence, appellant renewed her motion to strike. In the renewed motion to strike, appellant argued that she was in fear for her life when Medwid got out of his vehicle and pointed a gun at her. Therefore, she argued, "[t]here can't be a finding of failing to stop at the scene of an accident when a woman is getting out of there because she has a gun trained on her by her estranged husband." The trial court denied appellant's renewed motion to strike. In its ruling, the trial court found that, in regard to Code § 46.2-894,

> when an accident occurs, it's not just exchanging information, but it's notifying law enforcement. And it's clear that [appellant] did not notify law enforcement. By her own testimony, she admitted that she hit Mr. Medwid. Now, even if I accept her version that she hit him in fear of her own concern because he had a weapon, she still had a duty to call the authorities and report that she had just had an accident and someone was injured.

Appellant characterizes this statement as the trial court incorrectly interpreting the statute to require reporting information to law enforcement, when the statute only requires reporting information to one of several individuals and entities listed in the statute.[3]

We decline to adopt appellant's characterization of the trial court's statement. It is a well-settled principle of Virginia law that a "judge is presumed to know the law and to apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 61-62, 646 S.E.2d 28, 30 (2007) (quoting Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003)). Consequently, we presume the law was correctly applied "[a]bsent clear evidence to the contrary in the record." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). Further, "we will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied." Id. Here, the trial judge's statement, read in its full context, merely expresses his view that even if he believed appellant's version of events—that she feared for her safety because her husband had a gun—she was still required to report the incident to police under Code § 46.2-894. The trial court's statement was not an express finding that there is an absolute duty under the code section to provide information specifically to law enforcement following an

---

[3] The reporting provision of the hit and run statute is satisfied if the driver provides the required information to any of the following: "the State Police or local law-enforcement agency, . . . the person struck and injured . . . , or . . . the driver or some other occupant of the vehicle collided with or . . . the custodian of other damaged property." Code § 46.2-894.

accident. Therefore, we find no merit in appellant's contention that the trial court misapplied Code § 46.2-894 by concluding that appellant had a duty to notify law enforcement.

Appellant also argues on appeal that the reporting requirement of Code § 46.2-894 was satisfied in the instant case because the person injured in the accident was appellant's husband, and therefore the identity of the driver was not in question.[4] We find this argument regarding the reporting requirement equally unpersuasive.

Appellant contends that the reporting requirement of Code § 46.2-894 was met in this case because the victim was her husband. Therefore, as the person injured knew the identity of the driver of the vehicle, appellant was not required to exchange information with him to comply with the reporting provision of the hit and run statute. However, contrary to this argument, our Court has previously found that the requirement to provide the driver's identity "addresses more than the relationship between a driver and the victim of an accident. The identification requirement is intended to facilitate accident investigation and to preserve public order." Johnson v. Commonwealth, 14 Va. App. 769, 771, 418 S.E.2d 729, 731 (1992). We decline to accept appellant's argument that the statute is satisfied when the parties involved in an accident know each other, as this would not promote the full purposes of the reporting requirement.

Further, Code § 46.2-894 places an unqualified duty on a driver who hits another car to provide specific information to certain individuals or entities listed in the statute. "It is the flight from the scene, and the failure to give the information required to the person in charge of the property damaged or succor to the injured which constitute the completed offense." Tooke v.

_____

[4] Appellant, on brief, makes an additional argument that the reporting requirement of Code § 46.2-894 was satisfied because the record contained evidence that law enforcement had been called at the time of the incident and appellant came into contact with law enforcement shortly after the accident. However, appellant again failed to make this argument to the trial court. Since she neither shows good cause why we should nonetheless reach this argument, nor contends we should address this argument to attain the ends of justice, we do not consider this argument on appeal. See Rule 5A:18.

Commonwealth, 47 Va. App. 759, 765-66, 627 S.E.2d 533, 536 (2006) (quoting James v. Commonwealth, 178 Va. 28, 37, 16 S.E.2d 296, 300 (1941)). "The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action;–that is, to stop and give the aid and information specified." Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946) (examining a predecessor to Code § 46.2-894). Here, appellant failed to provide her information to either law enforcement or the victim, as required by the statute. The requirement of the driver to provide his or her identity, intended to preserve public order and facilitate accident investigation, was not satisfied in the instant matter. Therefore, the trial court did not err in finding that the evidence was sufficient to support appellant's conviction of Code § 46.2-894.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.