COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Russell and Retired Judge Bumgardner[*]
Argued at Norfolk, Virginia


SARAH ELIZABETH FLANDERS

                                      MEMORANDUM OPINION[**] BY
v.      Record No. 0486-17-1        JUDGE RUDOLPH BUMGARDNER, III
                                              JULY 10, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Andrew M. Sacks (Stanley E. Sacks; Jill R. Schmidtke; Sacks &
Sacks, P.C., on briefs), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


     Sarah E. Flanders appeals her convictions for felony murder, Code § 18.2-33, and felony

hit and run, Code § 46.2-894. She maintains that she was punished twice for the same offense

because the murder and hit and run convictions involved the same conduct and there was no

causal connection between those offenses. She also maintains the evidence did not prove that

she was the criminal agent. Concluding the trial court did not err, we affirm the convictions.

     On September 20, 2014, shortly after 5:15 a.m., a woman, later identified as the

defendant, drove a red Dodge Durango onto a Dominion Power job site. She told a worker,

"somebody needed to call 911. There was a guy laying back there behind the school bleeding

---

    [*] Judge Bumgardner participated in the hearing and decision of this case in his capacity
as a senior judge of this Court prior to July 1, 2018 and thereafter by designation pursuant to
Code § 17.1-400(D).

    [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

from his head." She told the site supervisor, Johnny Burdette, that it "looked like someone had been run over" and "was bleeding to death." She then drove away.

Burdette drove to the school, which was adjacent to the job site. He found a man lying half on and half off the curb of the parking lot. Burdette recognized the man as the person who had walked through the job site about ten minutes earlier. The man was in obvious pain and lost consciousness before rescue workers arrived. He later regained consciousness and identified himself as Rick Pentz, and gave his birthdate. He died about four hours later at the hospital from blunt force trauma.

The police recovered Pentz's cell phone at the scene. It revealed that he had called the defendant earlier that morning. When interviewed, the defendant said that she and Pentz had been friends for six years and had once lived together at her mother's house across the street from the school. The defendant admitted she had been driving the Durango but denied any involvement in Pentz's death. She remarked, "this was crazy and she thought that he was going to make it," after the officers had left her alone in the interview room.

The police found Pentz's blood on the front bumper of the Durango and yellow paint on the inside of the front and rear driver's side tires. That paint was consistent with the paint on the curb where Pentz was found. The defendant's DNA was on the steering wheel and gearshift. The Dominion worker with whom the driver first spoke identified her as that driver. Two days earlier the defendant and Pentz also had a road side altercation which the police had investigated.

The defendant maintains she was convicted twice for the same conduct. She argues the Commonwealth is "seeking to impose two homicide convictions and punishments for a single death" because death was an element of both the felony murder and hit and run offenses. Though she does not so state, her argument is, in fact, a claim that the convictions are a violation of her Fifth Amendment right against double jeopardy.

"[W]e apply a *de novo* standard of review in determining whether cumulative punishments imposed in a single trial violate the constitutional prohibition against double jeopardy." Payne v. Commonwealth, 52 Va. App. 120, 125, 661 S.E.2d 513, 515 (2008), aff'd, 277 Va. 531, 674 S.E.2d 835 (2009). "Where a legislature intends to impose multiple punishments for the same course of conduct, the imposition of multiple punishments does not violate the Constitution." Id. The first step in the analysis, before applying the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), is to consider "whether 'the legislative intent is clear from the face of the statute or the legislative history.'" Andrews v. Commonwealth, 280 Va. 231, 284, 699 S.E.2d 237, 267 (2010) (quoting Garrett v. United States, 471 U.S. 773, 779 (1985)).

Code § 18.2-33 comprises part of the codified felony murder doctrine. See, e.g., Griffin v. Commonwealth, 33 Va. App. 413, 420, 533 S.E.2d 653, 656 (2000). Code § 46.2-894 is an offense contained in the Motor Vehicle Title. The purpose of that statute is "to facilitate accident investigation and to preserve public order." Johnson v. Commonwealth, 14 Va. App. 769, 771, 418 S.E.2d 729, 731 (1992). Death is not required for a felony conviction. It is clear from the plain language of these statutes that the legislature intended to create two distinct offenses.

In addition to an analysis of legislative intent, Blockburger permits both convictions. The Blockburger test examines "whether each [offense charged] requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304. "In applying this test, the two offenses must be considered in the abstract, rather than in the context of the facts of the particular case being reviewed." West v. Director, Dep't of Corr., 273 Va. 56, 63, 639 S.E.2d 190, 195 (2007).

An examination of the elements of Code §§ 18.2-33 and 46.2-894 reveals that each offense requires proof of a fact that the other does not. Felony murder requires proof that the death occurred during the commission of a felony. Felony hit and run does not require death. It

does require proof that the defendant was the driver of a vehicle involved in an accident, that the driver knew or should have known someone was injured in the accident, and that the driver failed to stop and report the accident to the police. Felony murder does not require proof of any of those elements. Each offense contains elements that the other offense does not. Accordingly, the two statutes are not the same offense, and multiple punishments may be imposed for conduct that violates both statutes.

To prove a violation of Code § 18.2-33, the Commonwealth must prove that the defendant killed the victim "'while *in the prosecution* of some felonious act' or '*in furtherance* of the felony.'" Griffin, 33 Va. App. at 424, 533 S.E.2d at 658 (first quoting Code § 18.2-33 (emphasis added); and then quoting King v. Commonwealth, 6 Va. App. 351, 353, 368 S.E.2d 704, 705 (1988) (emphasis added)). The killing must be within the *res gestae* of the predicate felony, or "so closely related to the felony in time, place, and causal connection as to make it a part of the same criminal enterprise." Commonwealth v. Montague, 260 Va. 697, 701, 536 S.E.2d 910, 913 (2000) (quoting Haskell v. Commonwealth, 218 Va. 1033, 1043-44, 243 S.E.2d 477, 483 (1978)). "It is not enough that the killing occur 'during' the felony or 'while' it is being committed; something more is required than mere coincidence of time and place." Griffin, 33 Va. App. at 424, 533 S.E.2d at 658.

The trial court found the victim's "death could hardly be categorized as a 'mere coincidence in time and place' with [defendant's] felony hit and run." The evidence supports that finding. The evidence showed that the defendant struck the victim with her Dodge Durango and realized that Pentz was severely injured. She specifically said that it looked like the victim "was bleeding to death." Pentz's death cannot be categorized as a "mere coincidence in time and place." His death was causally related to the defendant's hitting and injuring him with her vehicle before she left without rendering assistance or providing information to law enforcement

authorities. The victim's death was "so closely related to the felony in time, place, and causal connection," the death was within the *res gestae*.

Defendant also argues that the evidence was insufficient to prove that she was the driver who struck Pentz. We review the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverse the judgment of the trial court only when its decision is plainly wrong or without evidence to support it. See Farhoumand v. Commonwealth, 288 Va. 338, 351, 764 S.E.2d 95, 102 (2014).

No one saw the defendant hit Pentz with her vehicle, and the conviction is based on circumstantial evidence. See Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003). Such evidence is not "viewed in isolation," because the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Brown v. Commonwealth, 54 Va. App. 107, 119, 676 S.E.2d 326, 332 (2009) (quoting Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 32 (2005)).

The evidence established that about ten minutes after Pentz walked through the Dominion Power job site, the defendant drove up in a red Dodge Durango and said that "it looked like someone had been run over" and "was bleeding to death." Pentz's blood was found on the Durango's bumper, and yellow paint from the curb where he lay was on the tires. The defendant admitted she had been driving the vehicle and was identified as the driver. Alone in the interview room, the defendant said that she "thought that [Pentz] was going to make it." The defendant and Pentz had known each other for six years. They had been involved in an altercation two days earlier, and Pentz's cell phone showed that he had called the defendant the morning of the accident. From these facts the fact finder could infer reasonably that the defendant struck Pentz with the Durango.

The circumstantial evidence is sufficient to prove criminal agency, and the trial court did not err in convicting the defendant of both felony second-degree murder and felony hit and run. Accordingly, we affirm.

<u>Affirmed.</u>