COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Malveaux and Frucci

ALVIN ANDREW HANKS

MEMORANDUM OPINION*
v.       Record No. 1521-24-1                  PER CURIAM
                                              DECEMBER 30, 2025
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Ivan D. Fehrenbach; Dansby & Fehrenbach, on brief), for appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.

The circuit court convicted Alvin Andrew Hanks (Hanks) of felony hit and run.[1]  On

appeal, Hanks challenges the sufficiency of the evidence to sustain his conviction.  For the

following reasons, this Court affirms the circuit court's judgment.[2]

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Hanks was also tried for driving on a suspended license.  The circuit court granted
Hanks's motion to strike in relation to that charge.

[2] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);
Rule 5A:27(a).

BACKGROUND[3]

Robert Opalka (Opalka) was driving his father home from the airport when they were rear-ended by a white sedan driven by Hanks. Opalka's car was propelled into the car in front of him, occupied by Linda Yarkey (Linda) and her husband, Raymond Yarkey (Raymond). After checking on his wife, Raymond checked on Opalka and his father and then on Hanks. Opalka's father "looked to be rather injured." Hanks had partially exited his car when Raymond approached him. Raymond helped Hanks the rest of the way out of the car and suggested he go sit on the curb nearby. Raymond returned to his car. Linda called 911. Opalka stepped out of his car "just to see what was going on" and saw Hanks walking away from the accident. Opalka never spoke with Hanks.

Opalka returned to his car to find his father hunched over in pain, vomiting, and coughing.[4] Opalka had a large bruise on his abdomen and a "gash" on his leg. Linda had extensive bruising on her "left side" and pain that lasted for the following six to nine months.[5] The Yarkeys' "brand new" Mini Cooper was totaled.[6]

York County Deputy Ulintz was dispatched to the accident. As he neared the general area, he saw Hanks "running" away from the scene of the accident. Deputy Ulintz radioed Deputy Sherback, and Deputy Sherback detained Hanks at a gas station "about two blocks" from where the

---

[3] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[4] Opalka's father was later transported to the hospital.

[5] Linda was also transported to the hospital but had no injuries aside from bruising.

[6] The Yarkeys had recently purchased a Mini Cooper, and it had less than 5000 miles on it at the time of the crash. Raymond's uncontested testimony valued the vehicle around $40,000.

wreck occurred.[7] Sergeant Minor transported Raymond from a parking lot "right next to the accident" to the gas station to identify Hanks. Hanks was arrested for leaving the scene of the accident.

At the close of the Commonwealth's case, Hanks moved to strike the evidence, arguing that while he was "not right at the scene of the accident, . . . he was not too far off." The circuit court found that Hanks caused the wreck, and when he was apprehended, he was "not as close to the scene as he need[ed] to be to . . . provide his information and render reasonable assistance." The circuit court found that people involved in the wreck had been injured and there was damage to property "well in excess of a thousand dollars." The circuit court convicted Hanks of felony hit and run. Hanks appeals.

ANALYSIS

I. Hanks failed to preserve his argument that the "stop" required by Code § 46.2-894 is the stop of the vehicle rather than the driver.

"No ruling of the [circuit] court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the circuit court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any

---

[7] There is some discrepancy as to how far Hanks was from the scene when Deputy Ulintz saw him. Deputy Ulintz initially said, "500 yards." He then qualified that distance as "a little more" than the length of the courthouse, which defense counsel emphasized was less than 500 yards. Deputy Ulintz clarified for the court that the distance was "from here to probably . . . the apartments over there." Sergeant Minor testified that the distance was somewhere around two to one and a half "city blocks."

objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made *in time to do something about it*." *Id.* (third emphasis added) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Furthermore, "[a]n objection made at trial on one ground does not preserve for appeal a contention on a different ground." *See Clark v. Commonwealth*, 30 Va. App. 406, 411 (1999). "Therefore, 'a challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court.'" *Correll v. Commonwealth*, 42 Va. App. 311, 324 (2004) (quoting *Mounce v. Commonwealth*, 4 Va. App. 433, 435 (1987)).

Code § 46.2-894 requires "[t]he driver of any vehicle involved in an accident in which a person is . . . injured" to "immediately stop as close to the scene of the accident as possible without obstructing traffic," provide certain information to the police and, at times, the person injured, and "render reasonable assistance to any person injured in such accident." On appeal, Hanks argues that the "stop" required by Code § 46.2-894 is the stop of the vehicle rather than the driver and that there was no evidence that his vehicle moved after the accident. At trial, although Hanks moved to strike, he failed to make that argument.[8] He therefore failed to preserve the argument for appeal.

Acknowledging this conclusion, Hanks asks this Court to consider his argument under the ends of justice exception to Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). Whether to apply the ends of justice

---

[8] *See Commonwealth v. Bass*, 292 Va. 19, 33 (2016) ("In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own, or in [a] motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he does elect to introduce evidence of his own.").

exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). "In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (alteration in original) (quoting *Redman*, 25 Va. App. at 221). In order "to show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015) (quoting *Redman*, 25 Va. App. at 221-22).[9]

Hanks has failed to carry his burden of proving a manifest injustice in this case, as he fails to demonstrate that he was convicted for a non-offense or that an element of the offense did not occur.

The hit and run statute "imposes three categories of obligations" on the driver of a vehicle involved in an accident. *Evans v. Commonwealth*, 82 Va. App. 612, 625 (2024); *see* Code § 46.2-894. It imposes a duty to stop, report information to certain individuals, and render reasonable aid to injured persons. *Id.* at 625-26. "The prosecution can establish a defendant's guilt by proving that the defendant failed to perform any one of those three duties." *Id.* at 626

---

[9] For the first time on appeal, Hanks also contends that there was no evidence that he failed to provide his information to the other people involved in the accident nor the police. As he failed to make the argument in his motion to strike, he failed to preserve the argument for appeal. Also, "[a]rguing that the record is devoid of evidence of an element does not equate with affirmative proof that an element did not occur." *Quyen Vinh Phan Le,* 65 Va. App. at 75. Therefore, his assertion is insufficient to show a manifest injustice occurred.

(alterations in original omitted). "The statute proclaims 'the clear legislative intent . . . that every *driver* involved in a motor vehicle accident stop at the scene of the accident to exchange information and render reasonable assistance to any person injured.'" *Johnson v. Commonwealth*, 14 Va. App. 769, 771 (1992) (first alteration in original; second and third alterations in original omitted) (emphasis added) (quoting *Smith v. Commonwealth*, 8 Va. App. 109, 115 (1989)). The driver must "stop as close to the accident, or point of impact, as safety will permit." *Edwards v. Commonwealth*, 41 Va. App. 752, 770 (2003) (en banc).

Opalka testified that Hanks walked away from the scene of the accident and that he never had any interaction with Hanks. Raymond never saw Hanks again after checking on him immediately after the wreck until "later on for identification." Deputy Ulintz saw Hanks "running" away from the scene. Raymond and Linda waited in a parking lot "right next to the accident." Notwithstanding the testimonial discrepancies concerning at what distance from the wreck Hanks was apprehended, he was found near a gas station that was certainly farther away than where Raymond and Linda had safely stopped. From these facts, the circuit court could reasonably infer, as it did, that Hanks did not stop "as close to the scene as he need[ed] to be to . . . provide his information and render reasonable assistance."[10] Therefore, Hanks has not demonstrated that he was convicted for a non-offense nor that the evidence proved that an element of the offense did not occur.

Accordingly, this Court declines to consider Hanks's claim under the ends of justice exception recognized by Rule 5A:18.

---

[10] "Reasonable inferences drawn by the fact finder 'cannot be upended on appeal unless we deem them so attenuated that they push into the realm of non sequitur.'" *Commonwealth v. Wilkerson*, 304 Va. 92, 100 (2025) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 332 (2018)).

II. The evidence was sufficient to support his conviction.

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

As he similarly argued in his motion to strike, Hanks also contends on appeal that there was no evidence that he went "farther than was permitted." As elaborated above, the circuit court found that Hanks caused the wreck, and when he was apprehended, he was "not as close to the scene as he need[ed] to be." The record supports that factual finding, and this Court will not disturb it on appeal.

- 7 -

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*